# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 50310 | **DATE** | 2/22/02 |
| **CASE TITLE** | American National Fire Insurance Company vs. Area Erectors, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion for summary judgment.

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion for summary judgment is granted in part and denied in part: it is granted as to plaintiff's second-amended complaint in its entirety and defendant's counterclaim with respect to the six policies for the years 1992 - 1993, but denied as to defendant's counterclaim with respect to Policy No. WC 8594509-00. The trial of this action will be conducted accordingly. See Fed. R. Civ. P. 56(d). The parties are ordered to schedule a settlement conference with the Magistrate Judge within the next 30 days.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | FEB 25 2002 | |
| | Notified counsel by telephone. | date docketed | 31 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | 2-25-02 | |
| | | date mailed notice | |
| SLB | courtroom deputy's initials | 2002 FEB 25 PM 3:44 U.S. DISTRICT COURT CLERK | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, American National Fire Insurance Company, a New York corporation having its principal place of business in Ohio, filed a three-count second-amended complaint against defendant, Area Erectors, Inc., an Illinois corporation having its principal place of business in Illinois, alleging that defendant owes plaintiff additional premiums for insurance policies in the amounts of $119,055.00 for the year 1996 (Count I), $77,946.00 for the year 1997 (Count II), and $354,878.00 for the year 1998 (Count III). Defendant has filed a counterclaim alleging that plaintiff breached its contract with defendant by improperly handling claims. Jurisdiction is proper because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1), (c)(1).

Plaintiff provided insurance coverage to defendant pursuant to Workers' Compensation and Employers' Liability Policy, Policy No. WC 208-03-93-00 (effective 12/31/91 to 12/31/92), Policy No. WC 208-03-93-01 (effective 12/31/92 to 12/31/93), and Policy No. WC 8594509-00 (effective 12/1/94 to 12/1/95); General Liability Policy, Policy No. GLP 208-03-94-00 (effective 12/31/91 to 12/31/92) and Policy No. GLP 208-03-94-01 (effective 12/31/92 to 12/31/93); and Commercial Automobile Policy, Policy No. CAP 208-03-95-00 (effective 12/31/91 to 12/31/92) and Policy No. CAP 208-03-95-01 (effective 12/31/92 to 12/31/93). In this action, plaintiff seeks to recover sums it claims are owed by defendant under the retrospective premium provisions of the six policies effective in 1992 and 1993. Defendant's counterclaim alleges that plaintiff breached its contract with defendant by failing to properly handle claims as required by the policies, resulting in plaintiff's using improper incurred loss numbers in calculating the premiums owed by defendant under the contracts. Defendant contends that using proper incurred loss numbers results in plaintiff's owing defendant a refund of a portion of the premium previously paid. In its responsive memorandum, defendant makes it clear that the allegations of the counterclaim constitute the entirety of its defense to the claims made by plaintiff in the second-amended complaint.

These same parties litigated matters concerning the six insurance policies effective in 1992 and 1993 previously. In 1994, plaintiff filed a two-count amended complaint, to which defendant filed an amended counterclaim. On July 19, 1995, the parties executed an agreement settling that action. The settlement agreement stated the policies would be subject to retrospective rating adjustments by plaintiff to determine additional premiums due or premium refunds. A part of the agreement was defendant's release of plaintiff "from any and all demands, claims, liabilities . . . or other causes of action now in existence or hereafter arising out of the issues, disputes and controversies involved, raised, plead or related to the Litigation or which could have been raised or plead in the Litigation or the cancellation of the Insurance Policies by Area, including any unknown or unanticipated damages which may arise in the future. . . ."

Under Illinois law, which is applicable in this diversity action, a release is a contract in which a party relinquishes a claim to a person against whom the claim exists. <u>Capocy v. Kirtadze</u>, 283 F3d 629, 632 (7th Cir. 1999). A release is subject to the rules of contract law and, while the parties' intention controls its scope and effect, this intent is determined from the language used and the circumstances of the transaction. <u>Id.</u> The words of a release will not be construed to include claims not contemplated by the parties; however, if both parties are aware of an additional claim at the time of the signing of the release, an agreement's general release language will be given effect to release that claim as well. <u>Id.</u>

Defendant contends the release does not preclude its counterclaim in this action because the 1994 litigation concerned the deposit premium and not the alleged improper claim handling. Defendant's characterization of the 1994 action is wrong. While Count I of plaintiff's amended complaint in 1994 concerned the deposit premium, Count II made a claim seeking payment of a retrospective premium very similar to those made in the second amended complaint in the instant case, the only substantive difference being that Count II in the 1994 action concerned a different period of time. Moreover, in Count I of the 1994 counterclaim, defendant alleged the retrospective premium had been improperly calculated by plaintiff; using a formula that included amounts paid in claims and an amount reserved for future losses, defendant calculated the amount it alleged was the actual retrospective premium. Since losses were a part of the computation of the retrospective premiums, any claim regarding the propriety of claim handling that "could have been raised or plead" in the 1994 action was released by defendant on July 19, 1995. Finally, defendant does not argue any claims covered by the 1992-1993 policies were submitted after July 19, 1995, that any such claims might still be outstanding, or, more to the point, that it was not aware of such claims before July 19, 1995 (and, hence, that it could not have raised them in the 1994 action). Therefore, the court grants plaintiff's motion for summary judgment on its second-amended complaint and on defendant's counterclaim as to the 1992-1993 policies.

Defendant also argues its counterclaim with respect to Policy No. WC 8594509-00 (effective 12/1/94 to 12/1/95) is not barred by the settlement agreement because it is not a subject of the release. Although plaintiff mentions seven of the thirteen claims covered by this policy have dates of loss before July 13, 1995, it does not directly respond to defendant's argument that claims under this policy are not included in the release. In fact, the court has no evidence as to when the seven pre-July 13, 1995 claims were actually filed or, more importantly, whether defendant knew of them before or after July 13, 1995, so it is unclear if defendant "could have" raised them in the 1994 action. Although the release covers "unknown or unanticipated damages," it is not so broad as to cover future conduct of plaintiff. In addition, as defendant points out, this particular policy did not contain a retrospective premium provision, which was the focus of the six policies at issue in the 1994 action. Finally, the court notes the settlement agreement was limited to policies providing coverage between December 31, 1991 and December 1, 1993. In light of these facts, and because the parties have not adequately addressed the issue, the court finds questions of fact remain on whether the release includes claims filed under Policy No. 8594509-00; at the least, claims filed under this policy that did not become known until after July 13, 1995, would not be barred by the release, and plaintiff admits there are, at a minimum, six such claims.

For the reasons stated above, plaintiff's motion for summary judgment is granted in part and denied in part: it is granted as to plaintiff's second-amended complaint in its entirety and defendant's counterclaim with respect to the six policies for the years 1992-1993, but denied as to defendant's counterclaim with respect to Policy No. WC 8594509-00. The trial of this action will be conducted accordingly. <u>See</u> Fed. R. Civ. P. 56(d).