Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 50310 | **DATE** | 8/14/2002 |
| **CASE TITLE** | American National Fire Ins. Co. vs. Area Erectors, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion for partial summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion for partial summary judgment is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | |
| X | Notices mailed by judge's staff. | AUG 14 2002 | 47 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 8-14-02 date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | dw mailing deputy initials |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

In a previous order this court granted summary judgment in favor of plaintiff, American National Fire Insurance Company ("American"), as to American's second-amended complaint in its entirety and as to the counterclaim of defendant, Area Erectors, Inc. ("Area"), in part. (The court assumes familiarity with that opinion, and will repeat only what is necessary to dispose of the currently pending motion.) Essentially all that remains in the case now is Area's counterclaim with respect to Policy No. WC 8594509-00. American has filed a second motion under Federal Rule of Civil Procedure 56, this time seeking partial summary judgment on this aspect of Area's counterclaim.

The court in its prior opinion relied on two independent reasons for denying American's first motion for summary judgment as to Policy No. WC 8594509-00. First it held it could not decide as a matter of law, for various reasons, whether this policy was covered by a release in a settlement agreement the parties signed on July 13, 1995. Second, assuming the release did cover the policy, the court found questions of fact existed (based on the underdeveloped record) on which, if any, of the claims under this policy Area knew about before July 13, 1995, so as to be barred by the release.

In its motion for partial summary judgment, American has introduced ample and undisputed evidence (not offered in its first motion for summary judgment) that Area did in fact know about eight of the fourteen claims under this policy before July 13, 1995. It thus argues the court should grant it summary judgment as to these eight claims. But this assumes Policy No. WC 8594509-00 is covered by the release in the first place — a question the court specifically left open in its previous order.

Recognizing this, American argues in its supporting memoranda that the release in the 1995 settlement really does include Policy No. WC 8594509-00. The court rejects this argument for two reasons. First, American never addressed this issue in its first motion for summary judgment but could and should have done so.

Second, even after reviewing American's arguments and looking at the issue afresh, the court still comes to the same conclusion: a question of fact remains on whether the release was meant to include Policy No. WC 8594509-00. The court explained why this is so in its previous opinion but, for clarity's sake, will summarize and expand upon that discussion here. The 1995 settlement agreement specifically refers to the various policies included in the agreement in the "Recitals" section and then repeatedly refers to these "Insurance Policies" throughout the agreement. Policy No. WC 8594509-00 is simply not listed among those policies. This makes sense because the "Recitals" section also clearly indicates the settlement deals only with policies providing coverage between December 31, 1991 to December 1, 1993. In contrast, Policy No. WC 8594509-00 provided coverage between December 1, 1994 to December 1, 1995. In addition, as the court previously noted, the focus of both the 1995 settlement agreement and the litigation between these parties leading up to the settlement was the "retrospective premium" provision found in the various policies. Once again, Policy No. WC 8594509-00 does not have such a retrospective premium provision. Despite all of this, American makes much of the fact that Policy No. WC 8594509-00 was in effect when the parties signed the agreement in July 1995 and suggests, therefore, that Area "could have . . . raised" (quoting the language of the release itself) this policy in the preceding litigation that prompted the settlement. Perhaps this is so, but the other terms of the agreement, as just discussed, certainly call into question whether the parties ever intended to include Policy No. WC 8594509-00 in the release. At the very least, the release is not "clear and unambiguous" enough for the court to declare, as a matter of law and on the existing record, that it covers this policy.

For the reasons stated above, American's motion for partial summary judgment is denied.